

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 8 2010
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL EDWARD MCCASLAND, §
§
Petitioner, §
§
VS. § NO. 4:09-CV-473-A
§
RICK THALER, §
Director, Texas Department §
of Criminal Justice, §
Correctional Institutions §
Division, §
§
Respondent. §

ORDER

Came on for consideration the above-captioned action wherein Michael Edward McCasland is petitioner and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 6, 2010, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by January 27, 2010. Petitioner timely filed his written objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u>

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The factual background of the case began in 2002 or 2003 when petitioner moved in with his cousin, Ken, and became acquainted with Rachel, Ken's fourteen-year-old daughter. Petitioner later moved in with Ken's mother, Rachel's grandmother, whom Rachel frequently visited. Rachel and petitioner continued their friendly relationship for approximately one month before petitioner started kissing Rachel and touching her inappropriately. During the summer of 2003 petitioner eventually engaged in sexual intercourse with Rachel. The sexual contact occurred at Rachel's grandmother's house, where petitioner was staying, as well as in petitioner's eighteen-wheeler truck that he drove for work. In June 2003 Rachel also witnessed petitioner engage in sexual conduct with her fifteen-year-old friend, Kim, while Kim and Rachel were staying at Rachel's grandmother's house.

In April 2004, while using petitioner's computer, Rachel discovered child pornography on websites petitioner had visited. Rachel then told her mother about the child pornography and about her sexual relationship with petitioner. In a subsequent search, police seized petitioner's computer, as well as video tapes, computer diskettes, and other items containing child pornography, all found in, and taken from, petitioner's bedroom/living area.

In 2005, a jury convicted petitioner of four counts of sexual assault of a child, four counts of indecency with a child, and four counts of possession of child pornography. Petitioner was sentenced to four twenty-year sentences and four fifteen-year sentences, to be served consecutively for a total of 140 years, and four ten-year sentences, to be served concurrently with his twenty-year sentence as to count one.

Petitioner claims he received ineffective assistance of trial counsel due to counsel's failure to interview or call witnesses who could have created a reasonable doubt as to his guilt. Petitioner also claims he received ineffective assistance of appellate counsel due to counsel's failure to raise on appeal petitioner's claim pursuant to Article 38.05 of the Texas Code of Criminal Procedure. The Magistrate Judge found that petitioner had failed to establish ineffective assistance under Strickland

v. Washington, 466 U.S. 668 (1984), which requires a showing both that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by counsel's errors.

Petitioner objected to the FC&R on the grounds that, had counsel investigated and called the witnesses, he could have presented testimony that Rachel told his girlfriend's daughters that she was bisexual, thus allowing counsel to present a defense that Rachel was the one using petitioner's computer to access child pornography.[1] Petitioner claims this testimony would have called into question Rachel's credibility on all the charges.

Petitioner was represented at trial by Brian Goza ("Goza"). According to Goza's affidavit, before trial petitioner and petitioner's mother fully informed Goza of the witnesses identified in the petition, except two identified for the first

---

[1]In his objections, petitioner makes the following statement:

> In the case at bar, the relevant fact that [Rachel] admitted she was bisexual to Tracy Alderson's daughters creates the very plausible, compelling argument that [Rachel] used Petitioner's computer which she had access to at her grandmother's house where Petitioner resided and which she testified at trial that she had used 'quite a few times' to look at pornographic images of girls her age as depicted in State's Exhibit No. 30.

Obj. at 2. Whether intentionally or inadvertently, the phrasing of this sentence makes it appear as though Rachel admitted she used petitioner's computer to view pornographic images of girls her age. No such admission appears in the record. Instead, Rachel admitted she used petitioner's computer "quite a few times," but stated she never saw child pornography until the day she made her outcry. Rep. R., Vol 8 at 62, 63.

time in the habeas application, and the substance of their proposed testimony. Petitioner does not deny, and in fact, corroborates Goza's assertions. However, Goza contends he chose not to call the witnesses because he concluded their testimony generally would be favorable to, or support, the State's case. Specifically, Goza concluded that the testimony of petitioner's boss and coworker would corroborate Rachel's testimony that she was often alone with petitioner in his work vehicle--an eighteen-wheeler truck with a sleeper cab--thus providing support for Rachel's testimony that sexual contact occurred when she was alone with petitioner in his truck.

Goza further concluded that calling other witnesses, such as petitioner's girlfriend and her young daughters, would only substantiate testimony of the State's witnesses that Rachel was possessive of petitioner and acted like a jealous girlfriend, and that such behavior was consistent with a child who was being subjected to ongoing sexual abuse. Finally, none of the proposed witnesses could have provided testimony as to the child pornography found on computer diskettes which law enforcement personnel recovered in petitioner's closet and under his bed, in his bedroom, under his exclusive custody and control.

"The presentation of testimonial evidence is a matter of trial strategy and counsel's decisions in this regard are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel." Knowles v. Mirzayance, --- U.S. ----, ----, 129 S.Ct. 1411, 1420 (2009). Thus, the decision of trial counsel not to call certain witnesses generally cannot substantiate a claim of ineffective assistance of counsel. Id. Here, even if petitioner established that Goza's performance was deficient, he is unable to show prejudice under Strickland. Such a showing requires petitioner to prove that but for counsel's unprofessional errors, the result would have been different. Given the weight of the remaining evidence against petitioner, he is unable to show prejudice under Strickland. 466 U.S. at 694.

Petitioner also contends he received ineffective assistance of appellate counsel because she failed to raise on appeal an issue under Article 38.05 of the Texas Code of Criminal Procedure, which provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

Petitioner complains of the following exchange during testimony of the police detective:

> Q. Did you obtain any other kind of warrant at that point in time?
>
> A. Arrest warrants were collected along with an additional search warrant for the computer and any other related materials regarding the computer and hard drive also signed by Judge Neill [presiding judge].
>
> Mr. Goza: Your Honor, I'm going to object to the reference that the Court--this Court signed that search warrant, because that would imply a particular opinion by the Court.
>
> The Court: Overruled.

Rep. R., Vol. 6 at 50.

Petitioner objects that the above exchange constituted an impermissible comment on the weight of the evidence. Petitioner attempts to characterize the court's ruling of "overruled" as its "ratification" of the witness's testimony, and he contends that the statement "crossed the line of judicial impartiality, directly controverted the argument of Petitioner's trial counsel, and left the jury with an incurable false impression" of petitioner. Obj. at 5-6. Accordingly, petitioner contends that his appellate counsel's failure to raise that issue on appeal constituted ineffective assistance of counsel.

Petitioner has failed to establish either of the Strickland requirements as to this claim. For the trial court's comment on the evidence to constitute reversible error, it must be "reasonably calculated to benefit the State or to prejudice the rights of the defendant." Becknell v. State, 720 S.W.2d 526, 531 (Tex. Crim. App. 1986). A judge's single-word comment overruling an objection to testimony is not a prejudicial comment on the weight of the evidence. Adams v. State, 437 S.W.2d 860, 862 (Tex. Crim. App. 1969). None of the cases cited by petitioner--all of which are factually distinguishable--holds otherwise. Petitioner's appellate counsel was not required to raise every conceivable argument on appeal, and the failure to raise an apparently frivolous argument does not constitute ineffective assistance of counsel. Jones v. Barnes, 463 U.S. 745, 753-54 (1983).

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that the petition of Michael Edward McCasland for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June 8, 2010.

JOHN McBRYDE
United States District Judge